.Grew, J.
The circuit eourt was right in this case in reversing the judgment of the court of common pleas and in rendering judgment upon the agreed facts in favor of the defendant in error.
The property in controversy was property which, under favor of section 5441, Revised Statutes, the *323 judgment debtor, Clyde Blose, had the right to se-. leet and hold, in lieu of a homestead, exempt from both levy and sale.
This fact the plaintiff in error does not dispute. But it is claimed by her that notwithstanding she was without right to seize and sell said property upon execution so long as Blose, the judgment debtor, remained the owner thereof, that he having voluntarily conveyed said property, that she now has the right to enforce her claim against the same in the hands of his grantee, by foreclosure of the lien which she claims to have acquired thereon un-. der sections 5377 and 5378, Revised Statutes, by the filing of her transcript in the court of common pleas. Section 5377, so far as its provisions are pertinent to the question now under consideration, reads as follows: “The party in whose favor a judgment is rendered by a justice of the peace, or mayor of a municipal corporation, may, at any time after judgment is rendered, if the same be not appealed or stayed, file in the office of the clerk of the court of common pleas of the county in which the judgment was rendered a transcript thereof, having certified therein the amount, if any, paid thereon; and thereupon the clerk shall enter the case on the execution docket, together with the amount of the judgment, and the time of filing the transcript ■ * * * Section 5378 provides: “Such judgment, if the tran-. script be filed in term time, shall be a lien on the real estate of the judgment debtor within the county from the day the transcript is filed; and if filed in vacation, the judgment shall, as against the debtor,' be a lien from the day it is filed, but as against other transcripts filed in vacation, and judgments ren-. *324 dered at the next term of the court, it shall be a lien Only from the first day of the next term. ’ ’ This section, which was originally section 490 of the code of civil procedure, was passed January 25, 1860. At the time of its enactment the only property a judgment debtor was authorized to select and hold, as exempt from levy and sale in lieu of a homestead, was personal property, not exceeding five hundred dollars in value. At that time no exemption to any ¿amount, in lieu of a homestead, could be claimed by .a judgment debtor in real property; but all the real ■estate owned by such judgment debtor, except his homestead, was subject to the lien of a judgment obtained against him and might be seized and sold upon execution in satisfaction of such judgment. Subsequently, however, by the act of February 27, 1873 (now section 5441, Revised Statutes), the right of exemption in lieu of a homestead was so enlarged and extended by the legislature as to embrace and include real as well as personal property. So that, under the statute as it now is, and as it was at the time the plaintiff in error obtained her judgment against Blose, the latter had the right to hold exempt from levy and sale real property to the amount and value of five hundred dollars, in lieu of a homestead.
"What then were his rights and what the rights of his judgment creditor with- respect to the property so selected and held by him as exempt?
If by the filing of her transcript in the court of common pleas the plaintiff in error, Adella Grenell, by virtue, of the provisions of section 5378, Revised Statutes, thereby acquired an enforceable lien -upon the land or lot in controversy, that survived the se *325 lection of this property as exempt, then it must be admitted such lien was not divested by the-subsequent alienation of the property by the judgment debtor. But we think she acquired no such lien, and that the provision of section 5378, that: “Such judgment, if the transcript be filed in term time, shall be a lien on the real estate of the judgment debtor within the county from the day the transcript is filed;” construed and interpreted in the light-of subsequent legislation, must be held to apply to, and as creating or giving a lien upon, only such of the real estate of the judgment debtor as is subject to levy and seizure upon execution. Any other construction, or at least that contended for by the counsel for plaintiff in error, would put this section in conflict with section 5441, Revised Statutes, which is a later enactment, and would make the provisions of the latter section, which exempt real propérty to the value of $500 in lieu of a homestead, practically unavailing to a judgment debtor for the purposes for which such exemption is allowed and given, viz.: the support and protection of his family. As said by this court in McComb v. Thompson, 42 Ohio St., 149, “Our laws make a wide distinction between holding a homestead of one thousand dollars’ worth exempt from' sale, and holding in lieu of a homestead five hundred dollars’ worth exempt from levy and sale. * * * The statutes provide that what is held in lieu of a homestead — that with which the comforts of a home may be secured — may be held exempt from levy and sale; but that a homestead may be held exempt from sale.” The exemption which the statute allows by way of homestead is, in a sense, but a qualified exemption, and the law protects from sale the *326 property so exempt, only so long as it is used ana occupied as a homestead. But the exemption which the law gives in lieu of a homestead is an absolute exemption and whether it be taken in personal or real property, the judgment debtor acquires, in and to the property so exempt, when selected and taken, an absolute ownership with full power of disposition. Freeman in his work on Executions, at section 218, says; “The power of the owner of exempt property, unless limited by statute, to sell or incumber it is undoubted. The right of exemption is a privilege, but not a restriction. In fact, the owner’s power to dispose of exempt property is more absolute than it is over other kinds of property. This is because of the freedom of exempt property from involuntary liens. Not being subject to execution, the owner may sell it, pledge it, or give it away, notwithstanding the existence of judgment or execution liens, and without reference to the rights of his general creditors.” And numerous authorities are cited by the author in support of this text. By section 5441, Revised Statutes, it is provided: “Husband and wife living together, a widower living with an unmarried daughter or minor son, every widow and every unmarried female, having in good faith the care, maintenance and custody of any minor child or children of a deceased relative, resident of Ohio, and not the owner of a homestead, may, in lieu thereof, hold exempt from levy and sale, real or personal property to be selected by such person, his agent or attorney, at any time before sale, not exceeding five hundred ($500) dollars in value, in addition to the amount of chattel property otherwise by law exempted.” * * * The real property ex- *327 'erupt by this section is placed in tbe same category ■with, and is exempt in the same right and for the same purpose as the personal property." In view therefore of the provisions of this section, to give to the language of section 5378 the force and effect •claimed for it by counsel for the plaintiff in error, would, we think, be to impute to the legislature a manifest absurdity, for it would be idle to declare ■that a debtor who is the head of a family and not the owner of a homestead, shall have an exemption of five hundred dollars in value in lieu thereof in •either real or personal property, with which, as this •court has said, “to secure the comforts of a home,” and at the same time deny to him the right to so use or apply it. A construction that would produce such result is at variance with our ideas of justice, and certainly would be inconsistent with the humane policy and purpose of our exemption laws. It appears from the agreed statement of facts in this case, that at the time of the levy or attempted levy by the sheriff, on the property in controversy that Clyde Blose, the judgment debtor, was a resident of Ohio and the head of a family, but was neither the owner of a homestead nor of personal and real property exceeding three hundred dollars in value, and that he selected as his exemption in lieu of a homestead, this specific property. Having so selected it, he had the right to sell and convey the same to-Hirons, and such sale and conveyance operated to invest Hirons with the title to the property, free from any claim or lien thereon of the plaintiff in error. Affirmed.
Spear, C. J., Davis, Shauck and Price, JJ., concur.
Summers, J., not sitting.